HOWARD KNOWLES AND EDWARD J. KING, EXECUTORS OF THE LAST
WILL AND TESTAMENT OF NORMAN ANTHONY, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed April 26, 1921.*

INHERITANCE TAX—*when claimant entitled to a refund.* There being no
dispute as to the facts in this case or the law applicable thereto the Court
enters an award in favor of claimant for the amount of the claim for the
inheritance tax over-paid.

STATUTE OF LIMITATION—*when claim not barred.* The claim is not
barred by the statute of limitation when the Court of Claims Act is con-
strued with Section Ten (10) of Inheritance Tax Law.

Edward J. Brundage, Attorney General, for State.

This is a claim for refund of inheritance tax.

Norman Anthony died June 21, 1912, a resident of Knox County,
Illinois, leaving a last will and testament, which was afterwards duly
admitted to probate in the County Court of said County and Howard
Knowles and Edward J. King were appointed executors, and are now
acting as such.

On May 7, 1913, the County Judge of said county, approving the
report of an appraiser theretofore appointed by him, assessed an inheri-
tance tax in said estate of three thousand five hundred thirty and 02/100
($3,530.02) dollars. The executors of the estate appealed to the County
Court claiming excessive valuation of the property and about the same
time, to-wit: On May 21, 1913, paid to the County Treasurer of said
county two thousand dollars as part payment of the inheritance tax as
assessed by the County Judge.

On March 12, 1915, the County Court of said county entered an
order fixing the inheritance tax in said estate at one thousand two hun-
dred seventy-one and 01/100 dollars and neither the State of Illinois
nor any other interested party has appealed or otherwise contested said
order.

Certified copies of the original order of the County Judge, as well
as copy of the inheritance tax receipt, and the order of appeal are con-
tained in the stipulation on file in this cause.

The amount of the final assessment by the County Court being one
thousand two hundred seventy-one and 01/100 dollars, and the payment
to the County Treasurer above referred to having been made May 21,
1913, it is apparent that interest at the rate of six per cent, from June
21, 1912, the date of the decedent's death, until said payment on March
21, 1914, should be charged, and so, the total amount of taxes and in-

terest due under the order of the County Court on appeal is one thousand three hundred forty and 91/100 dollars ($1,340.91). The sum of two thousand dollars having been paid to the County Treasurer in part payment of the original assessment, it is clear that the executors overpaid the inheritance tax as finally determined, by the sum of six hundred fifty-nine and 09/100 dollars ($659.09).

This amount, together with interest thereon from the time was paid to the County Treasurer, makes a total amount of seven hundred twenty-one and 91/100 ($721.91) dollars.

The Attorney General in his statement admits that the amount overpaid and due claimants, with interest, is $721.91, if the claim is not barred by Statute.

The Court is of the opinion, in construing the Court of Claims Act together with section ten of the Inheritance Tax Law, that the claim is not barred by the Statute.

The claim is therefore allowed for $721.91.